# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHELLEY Y. KAPLAN, | |
| Plaintiff, | Case No. 05 C 2001 |
| v. | Hon. Harry D. Leinenweber |
| THE CITY OF CHICAGO, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Shelley Y. Kaplan's Motion for Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b)(3) and Defendant City of Chicago's Bill of Costs. For the following reasons, Plaintiff's Motion is denied and Defendant's Bill of Costs is granted.

## I. BACKGROUND

Plaintiff filed suit against the City of Chicago (hereinafter, the "City") after the Chicago Police Department (hereinafter, the "CPD") terminated of her employment in March 2006. Plaintiff brought various claims for employment discrimination, including failure to accommodate claims relating to the City's administration of CPD promotional exams on the Jewish Sabbath day, as well as First Amendment violations relating to CPD's Community Alternative Policing Strategy ("CAPS") meetings. On April 22, 2008, the Court dismissed Plaintiff's failure to accommodate claims on statute of

limitations and *res judicata* grounds because Plaintiff presented these same claims in a parallel action pending in this district before Judge Manning, *Kaplan v. City of Chicago*, No. 99 CV 1758, and the jury in that case rendered a verdict against Plaintiff. The Court allowed Plaintiff to proceed with discovery on her First Amendment claims which related to Christian prayer that occurred at certain CAPS meetings she attended in her official capacity as a police officer and her remaining employment discrimination claims but only as they related to CAPS meetings. On March 27, 2009, the Court granted summary judgment in favor of the City on all of Plaintiff's remaining claims. Shortly thereafter, the City submitted a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d) seeking $1,699.95 in costs from Plaintiff. Plaintiff did not file a notice of appeal of the Court's summary judgment ruling but instead, on May 22, 2009, Plaintiff brought a Motion for Relief from Judgment or Order within the body of her response to the City's Bill of Costs.

Plaintiff pursues relief from the Court's April 22, 2008, and March 27, 2009, orders under Rule 60(b)(3) which applies when the movant was prevented from fully presenting its case because of fraud, misrepresentation or other misconduct by its opponent. According to Plaintiff, the challenged orders were a result of the City's false arguments and the City's concealment of relevant information and documents. Plaintiff also claims that the City

forced her to submit to a discovery deposition while she was ill, thereby preventing her from fully and fairly presenting her case.

This memorandum opinion addresses both Plaintiff's Rule 60(b)(3) Motion and the City's Bill of Costs, both of which are now fully briefed.

## II. DISCUSSION

### A. Plaintiff's Rule 60(b)(3) Motion

Plaintiff seeks relief from the Court's April 22, 2008, and March 27, 2009, orders pursuant to Rule 60(b)(3) on the grounds that the City's misconduct during the litigation prevented Plaintiff from fully and fairly presenting her case. Rule 60(b) relief is reserved for exceptional circumstances and allows courts to overturn decisions only where special circumstances justify an extraordinary remedy. *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir., 2000); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir., 1994). A Rule 60(b) motion is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir., 1996).

Rule 60(b)(3), under which Plaintiff filed her motion, provides:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud (whether previously called intrinsic or

> extrinsic), misrepresentation, or misconduct
> by an opposing party. . . .

A party seeking relief under Rule 60(b)(3) must prove by clear and convincing evidence that "(1) the party maintained a meritorious claim . . . and (2) because of the fraud, misrepresentation or misconduct of the adverse party, (3) the party was prevented from fully and fairly presenting its case. . . ." *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir., 1995). According to Rule 60(c)(1), "A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

### *1. Plaintiff's Request for Relief From the Court's April 22, 2008 Order*

Plaintiff seeks relief from the Court's April 22, 2008, dismissal of her failure to accommodate claims on *res judicata* and statute of limitations grounds and asks the Court to reinstate those claims. According to Plaintiff, she is entitled to relief under Rule 60(b)(3) because the dismissal of those claims was based on the City's fraudulent argument to the Court that Plaintiff was merely trying to relitigate the same claims she brought in the parallel action before Judge Manning and on the City's concealment of relevant information that would have revealed its argument to be false. Because Plaintiff filed her Rule 60(b)(3) motion on May 22, 2009, over a year after the Court dismissed her failure to

accommodate claims, the motion is untimely with respect to the Court's April 22, 2008 order and the Court rejects it.

### *2. Plaintiff's Request for Relief From the Court's March 27, 2009 Order*

Plaintiff seeks relief from the Court's March 27, 2009, order granting summary judgment in favor of the City on her First Amendment claims and remaining employment discrimination claims, all of which related to Christian prayer at CAPS meetings. Plaintiff claims that the Court's ruling was based on the City's false arguments that it was not responsible for prayer at CAPS meetings and that Plaintiff was never disciplined by the CPD for complaining about prayer at CAPS meetings. Plaintiff also claims that the City concealed relevant information and documents that would have revealed these arguments to be false. Finally, Plaintiff claims that the City prevented her from fully and fairly presenting her case by forcing her to submit to a discovery deposition while she was ill. The Court will address each of these allegations in turn.

Plaintiff has not shown that any of the City's actions hampered her ability to present her case fully and fairly. With respect to the City's allegedly false arguments, the City was merely taking contrary legal positions and its decision to adopt those positions was not a false declaration before the Court and does not entitle Plaintiff to Rule 60(b)(3) relief. *See, Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699 (7th Cir., 1995); *O'Donnell*

*v. City of Chicago*, No. 02-1847, 2003 WL 1338027, at *3 (N.D.Ill., Mar. 17, 2003). If Plaintiff disagreed with the City's presentation of certain issues to the Court it was her burden to present adequately supported counterarguments. *See O'Donnell*, 2003 WL 1338027, at *3. Furthermore, Plaintiff's claim that the City's arguments were false is merely an improper attempt by Plaintiff to rehash arguments that she made, or should have made, when the City's motion for summary judgment was pending. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. Put simply, the City's arguments in support of its motion for summary judgment did not prevent Plaintiff from fully and fairly presenting her case.

Nor does Plaintiff show that the City's alleged concealment of documents and information hampered her ability to present her case. A Rule 60(b)(3) motion based upon alleged concealment from the court will not succeed when the movant was also aware of the information concealed. *See Hamm v. Ameriquest Mortg. Co.*, No. 05-227, 2008 WL 3849919, at *4 (N.D.Ill., Aug. 14, 2008). Here, most of the information Plaintiff claims the City concealed was readily available to her, such as certain Illinois statutes and her January 18, 2006 EEOC Right to Sue Letter. Furthermore, Plaintiff merely speculates that the City failed to produce more recent CPD documents that would have helped her case but she does not specifically identify any missing documents. Such speculation falls far short of meeting Plaintiff's burden of proving by clear

and convincing evidence that the City's actions affected her ability to present her case. *See Lonsdorf*, 47 F.3d at 897.

Finally, Plaintiff's claim that she is entitled to relief under Rule 60(b)(3) because the City forced her to sit for a discovery deposition while she was ill is meritless. Plaintiff offers no evidence whatsoever that submitting to the deposition prevented her from fully and fairly presenting her case. Accordingly, Plaintiff's Rule 60(b)(3) motion fails.

### B. The City's Bill of Costs

As the prevailing party in this action, the City requests that Plaintiff be taxed $1,699.95 in costs pursuant to Federal Rule of Civil Procedure 54(d) and Plaintiff raises various objections. Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). 28 U.S.C. § 1920 specifies that the following costs may be recovered under Rule 54(d): (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.

Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *See Coyne-Delany Co., Inc. v. Capital Development Bd. of State of Ill.*, 717 F.2d 385, 390 (7th Cir.,

1983). However, Rule 54(d) does not give the court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (overruled on other grounds). Thus, the Defendants are entitled to recover costs only if the expenses are allowed under § 1920 and the expenses are reasonable, both in amount and necessity to the litigation. *See, Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir., 1995).

Before examining Defendant's proposed costs, the Court notes that Plaintiff argues that she is indigent and unable to pay costs. Indigence may relieve the losing party from having to pay costs under Rule 54(d). *Rivera v. City of Chicago*, 469 F.3d 631, 634-35 (7th Cir., 2006). However, a sufficient showing of indigence requires far more than Plaintiff has shown here. *See id.* (rejecting claim of indigence where plaintiff was a single mother of four children with a monthly income of $1,800, no real estate or other assets and no source of child support payments). Plaintiff offers no actual evidence of her financial status, such as an affidavit itemizing her assets and liabilities, and without such evidence the Court cannot find that she is indigent.

Defendant seeks a total of $1,699.95 in its Bill of Costs for the following: (1) $1,091.55 for deposition and transcript costs;

and (2) $608.40 for copying costs. The Court will examine each proposed cost in turn.

### 1. *Transcript and Deposition Costs*

The City seeks $813.45 in deposition costs and $278.10 in transcript costs for the deposition of Plaintiff. Deposition and transcript costs are recoverable where the deposition was reasonably necessary at the time the deposition was taken in light of the facts known at the time. *See, Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir., 2000). Plaintiff argues that her deposition was unnecessary because she had already provided all relevant documentation to the City beforehand. Obviously, the production of documents is no substitute for the live deposition of Plaintiff so that the City could examine her recollection and view of the facts. Because Defendant used appropriate Judicial Conference rates, the Court accordingly finds the costs reasonable and necessary and taxes Plaintiff $1,091.55.

### 2. *Copying Costs*

The City seeks $608.40 in photocopying costs for 3,042 pages at $.20 per page. Prevailing parties are entitled to fees from copying necessary papers and courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable. *See* 28 U.S.C. § 1920; *Shanklin Corp. v. American Packaging Machinery, Inc.*, No. 95-1617, 2006 WL 2054382, at *4 (N.D.Ill., July 18, 2006). Plaintiff objects to the photocopying

costs, noting that some of the documents the City produced to her were in fact her documents and that other documents the City produced were available online. However, many of the documents copied by Defendant were Defendant's own court documents and those copying costs are recoverable. As for the documents the City produced, Plaintiff has made no showing that the City produced documents to her that were not responsive to her discovery requests and the Court finds that one copy of each document is reasonable. Accordingly, $608.40 in copying costs is properly taxable to Plaintiff.

### III. CONCLUSION

For the reasons stated herein, Plaintiff Shelley Y. Kaplan's Motion for Relief from Judgment or Order is denied and Defendant City of Chicago's Bill of Costs is granted. The Court orders Plaintiff to pay to Defendant costs in the amount of $1,699.95. **IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 7/6/2009